```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

PETER NYGARD, et al.,

        Plaintiffs,
v.                              Case No. 8:15-cv-1939-T-33EAJ

JACKY JASPER, et al.,

        Defendants.
_____/

## ORDER

This matter is before the Court on consideration of United States Magistrate Judge Elizabeth A. Jenkins' Report and Recommendation (Doc. # 22), filed on January 4, 2016, recommending that Plaintiffs' Motion for Entry of Default Judgment Against Defendant (Doc. # 17) be granted.

As of this date, there are no objections to the report and recommendation, and the time for the parties to file such objections has elapsed. After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept,

reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the magistrate judge and the recommendation of the magistrate judge.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 22) is **ACCEPTED** and **ADOPTED.**

(2) Plaintiffs' Motion for Entry of Default Judgment Against Defendant (Doc. # 17) is **GRANTED.**

(3) Judgment of liability is entered in favor of Plaintiffs as to Counts I, II, III, IV, V, VI, and VII of the Complaint (Doc. # 1).

(4) The Court issues a permanent injunction against Defendant

2

and enjoining Defendant from the following activity:

(a) using Plaintiffs' trademarks referenced in the Complaint in commerce in a manner that is likely to cause dilution of the trademarks;

(b) engaging in any act or conduct foreseeably or reasonably calculated or expected to harass Plaintiff Nygard;

(c) distributing or disseminating, posting, copying, publishing, displaying, transmitting, transferring, or otherwise making available over the Internet, including on Defendant's website and in connection with Defendant's social media accounts, the postings referenced in the complaint and any video, audio, or other recording of Plaintiff Nygard taken without his consent or otherwise in violation of law, including two videos posted on February 27, 2014 (posted at **http://diaryofahollywoodstreetking.com/peter-nygards-sadist-wrath-caught-on-camera/**) and one video posted on February 28, 2014 (posted at **http://diaryofahollywoodstreetking.com/peter-j-nygard-exposed-doctoring-death-to-cheat-death/**);

(d) distributing, disseminating, posting, copying,

3

publishing, displaying, transmitting, transferring, or otherwise making available over the internet any materials that violate Plaintiff Nygard's rights of privacy or publicity or his right to be free from harassment; and

(e) assisting, directing, authorizing, ordering, facilitating, aiding, or abetting, whether directly or indirectly, any other individual or entity in engaging in or performing any of the activities referenced above.

Additionally, the Court issues an order requiring that:

(f) Defendant delete and permanently remove all material displaying unauthorized reproductions of the Nygard Entities' trademarks and/or containing false and defamatory statements of and concerning Plaintiffs from the website, Defendant's social media accounts, and any other website or internet platform in Defendant's direct or indirect possession, custody, or control, including the postings referenced in the Complaint and certify compliance within five (5) days of the Judgment; and

(g) the webhost and/or registrar or registry for the domains at issue delete and permanently remove such materials and/or transfer the domains to Plaintiffs should Defendant fail to take action in accordance with

4

the order.

(5) The Court will hold a hearing on damages, attorneys' fees and costs on Friday, February 12, 2016, at 11:00AM in Courtroom 14B. At the hearing, Plaintiffs should be prepared to present evidence demonstrating entitlement to such damages, fees and costs.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of January, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5