```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

PETER NYGARD, NYGARD INTERNATIONAL
PARTNERSHIP, and NYGARD INC.,

      Plaintiffs,

v.                                Case No. 8:15-cv-1939-T-33EAJ

JACKY JASPER and JOHN/JANE DOES,

      Defendants.
_____/

### ORDER AWARDING DAMAGES

This matter is before the Court on consideration of the damages sought by Plaintiffs Peter Nygard, et al. ("Plaintiffs") arising from trademark dilution pursuant to 15 U.S.C. § 1125 and § 495.151, Fla. Stat., following the entry of default judgment as to liability. The Court held an evidentiary hearing to determine damages on February 12, 2016, at which time Plaintiffs presented evidence in support of their damages. Defendant Jacky Jasper ("Defendant") did not make an appearance at the hearing.

### Background

Plaintiffs filed a complaint against Defendant and John or Jane Does on August 19, 2015. (Dkt. 1) The complaint alleged claims of trademark dilution in violation of 15 U.S.C. § 1125 and § 495.151, Fla. Stat., invasion of privacy,

1

intentional infliction of emotional distress, defamation/libel per se and defamation/libel by implication and sought monetary and injunctive relief.

Defendant was personally served with the summons on August 19, 2015 (Dkt. 8).  Defendant failed to respond to the complaint or appear in the action.  The clerk entered default against Defendant (Dkt. 14) and Plaintiffs moved for entry of default judgment, issuance of a permanent injunction against Defendant, and requested a hearing to determine their damages.  (Dkt. 17)  On January 25, 2016, the Court entered default judgment as to liability on counts I, II, III, IV, V, VI and VII of the complaint, entered a permanent injunction, and notified the parties that a hearing to determine Plaintiffs' damages would be held on February 12, 2016. (Dkt. 24)

### Evidence of Damages

Plaintiffs filed an affidavit of counsel indicating that Plaintiffs had incurred $43,248.50 in attorneys' fees in connection with this action.  (Dkt. 28)  Billing records supporting the attorneys' fees were received in camera by the Court at the February 12, 2016 hearing.  Plaintiffs also filed an affidavit of Lori T. Milvain, Esq. in support of their claim for attorneys' fees.  (Dkt. 29)  Plaintiffs submitted

2

a supplemental affidavit of counsel indicating that attorneys' fees in the amount of $1,591.00 had been incurred in connection with the February 12, 2016 hearing. (Dkt. 33) Plaintiffs incurred a filing fee of $400.00 in connection with filing the complaint. (Dkt. 33)

In addition to an award of attorneys' fees, Plaintiffs seek disgorgement of Defendant's profits as damages for Defendant's dilution of Plaintiffs' trademarks. Defendant's website postings that diluted Plaintiffs' trademarks were dated February 6, 2012, February 11, 2014, February 25, 2014, February 27, 2014, February 28, 2014, March 3, 2014, and April 23, 2014 ("the Postings"). (Dkt. 1 ¶¶ 24, 30-31, 34, 36-43) Defendant also disseminated information through Facebook, Twitter, and YouTube. (Id. at ¶ 6) Plaintiffs submitted evidence of profits earned through advertising revenue at Defendant's website www.diaryofahollywoodstreetking.com, in amounts ranging from $224.00 to $315.00 per day. (Dkt. 31) Plaintiffs request disgorgement of profits in the amount of $81,760.00, equal to one year of advertising revenue from Defendant's website at a daily rate of $224.00.

## Discussion

Plaintiffs must still establish entitlement to damages resulting from Defendant's conduct even though the Court has

3

entered default judgment of liability against Defendant. <u>Miller v. Paradise of Port Richey, Inc</u>., 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  Damages in the form of disgorgement of profits and costs incurred in bringing the action are appropriate when a Defendant has willfully diluted the trademarks of a Plaintiff as described in 15 U.S.C. § 1125(c). 15 U.S.C. § 1117(a).  In such a case, the Court may enter judgment on Defendant's profits in any amount it finds to be just.  Id.

Here, Defendant has willfully used Plaintiffs' trademarks in commerce in a manner that was intended to create negative associations with Plaintiffs' brand.  In each of the Postings, Defendant falsely stated or suggested that Plaintiff Nygard is "a dishonest and immoral person who engages in sexually repugnant, unlawful, and nefarious activities and with whom people should not conduct business." (Dkt. 1 ¶¶ 31, 36)  The Court has adopted the Magistrate's Report and Recommendations (dkt. 24), and in so doing, adopted the Magistrate's finding that the Postings were intended to disparage the Nygard entities and resulted to damage to reputation, integrity, and consumer confidence in the Nygard entities, exposing them to hatred, ridicule, aversion, contempt, distrust and disgrace. (Dkt. 22 p. 6)  Additionally,

4

the Magistrate found that "Defendant's publication of postings related to Plaintiff Nygard can reasonably be said to be outrageous, according to Florida law" (Dkt. 22, p. 8) and accordingly, the Court found Defendant liable for intentional infliction of emotional distress as a result of disseminating the Postings. (Dkt. 24) Consequently, the Court finds that Defendant's conduct was willful and Plaintiffs are entitled recover a reasonable award for Defendant's profits and Plaintiffs' court costs.

The Court finds that an award of $81,760.00 representing Defendant's profits is just under the circumstances. The majority of the Postings were disseminated in February 2014, more than one year prior to the filing of the lawsuit on August 19, 2015 (dkt. 1) and approximately two years prior to the entry of judgment of liability on Plaintiffs' claims for dilution of trademark on January 25, 2016. (Dkt. 24) An award of Defendant's daily website advertising revenue estimated at $224.00, the most conservative estimate provided to the Court, for a period of one year is a reasonable approximation of Defendant's profits arising from the trademark dilution. See SEC v. Calvo, 378 F.3d 1211, 1217 (11th Cir. 2004) (Exactitude of profits is not a requirement so long as the measure of disgorgement is reasonable).

5

In exceptional cases, the Court may award attorneys' fees to the prevailing party for trademark dilution. 15 U.S.C. § 1117(a). The Court finds that the facts as alleged present an exceptional case of trademark dilution, entitling Plaintiffs to a reasonable award of attorneys' fees. The Court finds that an award of $44,839.50 (including $43,248.50 as submitted in counsel's initial affidavit (dkt. 28) and an additional $1,591.00 as submitted in counsel's supplemental affidavit (dkt. 33) following the February 12, 2016 hearing) is reasonable based on the evidence submitted and counsel's representation that these fees either have been or will be paid by Plaintiffs.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiffs are awarded attorneys' fees in the amount of $44,839.50 and costs in the amount of $400.00.

(2) Plaintiffs are awarded $81,760.00 in disgorgement of Defendant's profits.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of February, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE